**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| | : | 3:21-CR-183 (JCH) |
| | : | |
| v. | : | |
| | : | |
| REINALDO COLON OLIVERAS, | : | OCTOBER 19, 2022 |
| Defendant. | : | |
| | : | |

**RULING ON MOTION FOR A HEARING TO PRESCREEN ANTICIPATED IDENTIFICATION OF DEFENDANT (DOC. NO. 198)**

Defendant Reinaldo Colon Oliveras ("Colon Oliveras") has moved for an evidentiary hearing, pursuant to the Due Process Clause of the Fifth Amendment and the Sixth Amendment, to prescreen the reliability of a vocal identification.  See Mot. for Hearing to Prescreen Identification of Def. ("Mot. for Hearing") (Doc. No. 198).  The government opposes the Motion.  See Government's Mem. in Opp. to Def.'s Mot. for Hearing ("Mem. in Opp.") (Doc. No. 205).  For the following reasons, Colon Oliveras' Motion is **denied**.

Colon Oliveras argues that a hearing is necessary for the government to prove that the witness identifying defendant as the person speaking with Landdy Rodriguez in wiretapped phone conversations satisfies the Federal Rules of Evidence and the Fifth Amendment's Due Process Clause.  The government counters that the court need only determine that a proper foundation has been laid to admit the opinion testimony, and that it is the jury's role to assess reliability of the witness' identification.

At trial, the government plans to offer the testimony of an agent or task force officer who "listened to the disputed intercepted phone conservations and compared the voices" on those calls to "a known recording of the defendant's voice. . . ."  Mem. in

Opp. at 6.  The agent or task force officer will make a vocal identification, opining that the known recording of Colon Oliveras matches one of the voices heard in the disputed phone conversations.  Id.

Under the Federal Rules of Evidence, one way the identity of a speaker on a recorded phone call may be established is if the proponent puts forward "[a]n opinion identifying a person's voice . . . based on hearing the voice at any time under circumstances that connect it with the alleged speaker."  Fed. R. Evid. 901(b)(5).  The requirement is satisfied "if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification."  United States v. Dhinsa, 243 F.3d 635, 658 (2d Cir. 2001) (internal quotation and citation omitted).  The court has "broad discretion" in assessing whether evidence was "properly authenticated".  Id.

As long as the government meets their burden in showing that the "identifier has heard the voice of the alleged speaker at any time", the opinion is admissible and it is up to the jury to assess credibility.  United States v. Rizzo, 492 F.2d 443, 448 (2d Cir. 1974); see also United States v. Albergo, 539 F.2d 860, 864 (2d Cir. 1976), cert. denied, 429 U.S. 1000 (1976) ("Once a prima facie case of authorship is made out by the proponent of the evidence, the testimony is admissible; and the reliability of the identification is for the jury.").  In advance of trial, the government will be required to demonstrate how the identifying witness—who will be subject to cross-examination—is familiar with Colon Oliveras' voice and establish from where the voice sample was procured.  At that point, the court will assess the sufficiency of the proof offered.  However, a separate evidentiary hearing is not necessary in order to make that determination.

In support of his Motion for a Hearing, Colon Oliveras cites only one Connecticut Supreme Court case.  Mot. for Hearing at 4; State v. Dickson, 322 Conn. 410 (2016).  The Dickson court held that "first time in-court identifications, like in-court identifications that are tainted by an unduly suggestive out-of-court identification, implicate due process protections and must be prescreened by the trial court."  Dickson, 322 Conn. at 426.  Colon Oliveras relies on this broad language to assert that a hearing is required for the voice identification in his case, even though the circumstances in Dickson are entirely distinguishable.  In Dickson, the court was concerned about an eyewitness pointing out the defendant—the only Black man in the courtroom—for the first time during trial, after being unable to do so while viewing a photo array pretrial.  Id. at 116.  However, an in-court voice identification lacks the same reliability and suggestiveness concerns animating the Dickson decision.

Indeed, the Second Circuit has recognized that attempts to analogize voice identification even to lineup identifications are "misplaced", adding that "the requirements for voice authentication do not differ markedly from those for document authentication."  Albergo, 539 F.2d at 864; see also United States v. Esposito, 423 F. Supp. 908, 912 (S.D.N.Y. 1976) ("Identification of a voice on a tape by a person familiar with the speaker is not the same as a lineup in which a victim or witness confronts the defendant, a situation which 'is peculiarly riddled with innumerable dangers and variable factors which might seriously, even crucially, derogate from a fair trial.'").  Moreover, the Second Circuit rejected the idea that a "due process"-based suggestiveness review was necessary for a voice identification, noting that, "if generally applied, [this procedure

3

would] make a mockery of Rule 901" of the Federal Rules of Evidence.  Albergo, 539 F.2d at 864.

Though the Second Circuit left open the possibility that "there might be some conceivable circumstances in which [defendant's] due process contentions would have merit," id., there is nothing specific to Colon Oliveras' situation that would suggest his is such a case.  Where the Second Circuit has applied the due process suggestiveness standard to voice identification—which the court did without any reference to the precedent in Albergo—it did so when the witness' identification was based on his recollection of a brief, unrecorded phone call as compared to a recording that was played to him later.  United States v. Moore, 571 F.2d 76, 79–81, 91 (2d Cir. 1978). Unlike the case at bar, there:

> The danger of suggestiveness [was] great because the witness may have gained only a fleeting exposure to the defendant's voice, the witness' auditory perception may have been distorted due to the circumstances under which the voice was heard, and the passage of time may have blurred the witness' recollection. . . . [B]ut [this] differs from the situation in which the defendant's voice is captured on tape and preserved.  In the latter case, the likelihood of misidentification is reduced, since the identification involves a comparison of the defendant's voice as originally recorded with other samples.

United States v. Aiken, 491 F. Supp. 37, 38–39 (S.D.N.Y. 1980), aff'd mem., 639 F.2d 769 (2d Cir. 1980), cert. denied, 450 U.S. 996 (1981).

This case is similar.  See discussion supra pp. 1–2.  This court concurs with the reasoning laid out in Aiken and follows the precedent in Albergo.  Thus, Colon Oliveras' Motion for an Evidentiary Hearing is **DENIED.**

**SO ORDERED.**

Dated this 19th day of October, 2022, at New Haven, Connecticut.

                                              /s/ Janet C. Hall
                                              Janet C. Hall
                                              United States District Judge